IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAURA CRUMBLEY, o/b/o L.C., a minor, )
                                                      )
      Plaintiff, )
                                                      )
  -vs- )    Civil Action No. 17-669
                                                      )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
                                                      )
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security finding her son no longer disabled within the meaning of the Social Security Act. Initially, Plaintiff's son, L.C., was found to be disabled as of March 9, 2009, based on Listing 113.03A due to kidney cancer. (ECF No. 6-3, p. 47). During a continuing disability review ("CDR"), the Agency found that L.C.'s disability ceased on April 1, 2014, due to medical improvement. (ECF No. 6-3, p. 48). Plaintiff requested a hearing. *Id.* Administrative Law Judge ("ALJ"), Alma S. de Leon, held a hearing on September 18, 2015. (ECF No. 6-2, pp. 26-46). Plaintiff and her son appeared *pro se. Id.* On November 13, 2015, the ALJ found that L.C.'s disability ended on April 1, 2014. (ECF No. 6-2, pp. 9-19).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). In cases involving a continuing disability review ("CDR"), entitlement to benefits will be reviewed periodically. 20 C.F.R. §§404.1594, 416.994. An ALJ will follow a three step evaluation process for evaluating CDR claims: 1) has there been a

medical improvement[2] of the condition; 2) does the impairment still meet or equal the severity of the listed impairment that it met or equaled before; and 3) is the child currently disabled. 20 C.F.R. §416.994a(b). To determine if a child is disabled and eligibility SSI, an ALJ will consider: 1) whether the child is working; 2) whether the child has a medically determinable impairment that is severe; and 3) whether the impairment meets, medically equals or functionally equals the listings. 20 C.F.R. §416.924.

**B.     Discussion**

*Pro se* Plaintiff's letter brief maintains that her son has had benefits since 2009 and his disease recurred in 2016. (ECF No. 10). She submits medical records to support the same dating from June 7, 2016 through September 27, 2016. (ECF No. 10-1).

As I mentioned previously, the instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of the ALJ's decision is limited to the evidence that was before him/her. *Id.;* 42 U.S.C. §405(g). Therefore, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence that was not first submitted to the ALJ. In this case, the ALJ's decision was dated November 18, 2015. (ECF No. 6-2, p. 19). The evidence submitted by *pro se* Plaintiff is dated from June 7, 2016 through September 27, 2016. (ECF No. 10-1). As a result, this evidence was not before the ALJ when she rendered her opinion.

---

[2] "Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable decision that you were disabled or continued to be disabled. Although the decrease in severity may be of any quantity or degree, we will disregard minor changes in your signs, symptoms, and laboratory findings that obviously do not represent medical improvement and could not result in a finding that your disability has ended. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with your impairment(s)." 20 C.F.R. § 416.994a(c).

3

Consequently, I may not review the newly proffered records pursuant to Sentence Four of §405(g).

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, '405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

Evidence is "new" if was "not in existence **or available** to the claimant at the time of the administrative proceeding." *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (emphasis added). The evidence submitted in this case is new. *Sullivan,* 496 U.S. at 626.

As set forth above, implicit in the materiality requirement, however, is that the "new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Szubak,* 745 F.2d at 833. In this case, the new evidence does not relate to the time period for which benefits were denied, which is prior to April 1, 2014. Rather, they are from 2016 and relate to a subsequent deterioration. As a result, the evidence is not material. Therefore, remand under Sentence Six is not warranted.

After a review of the evidence before the ALJ at the time,[3] I find there is substantial evidence of record to support the ALJ's decision that Plaintiff's son was no longer disabled as of April 1, 2014. (ECF No. 6-2, pp. 9-19). That is not to say that Plaintiff could/should not file a new application for benefits. Rather, the filing of a new application for benefits is the appropriate manner for proceeding regarding the alleged subsequent deterioration. 20 C.F.R. §416.330(b).

An appropriate order shall follow.

---

[3] The ALJ's decision was issued on November 8, 2015. (ECF No. 6-2, pp. 9-19).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAURA CRUMBLEY, o/b/o L.C., a minor,   )
                                        )
       Plaintiff,                      )
                                        )
 -vs-                                   )    Civil Action No. 17-669
                                        )
NANCY A. BERRYHILL,[4]                  )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
       Defendant.                      )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 23rd day of July, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                 BY THE COURT:

                                 s/ Donetta W. Ambrose
                                   Donetta W. Ambrose
                                   United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.